:31 C.C.P.A. (Patents)

## HOLSLAG v. STEINERT.

### Patent Appeal No. 4864.

Court of Customs and Patent Appeals.
April 27, 1944.

Rehearing Denied June 19, 1944.

A. D. T. Libby, of Newark, N. J. (Harry B. Rook, of Newark, N. J., of counsel), for appellant.

O. H. Eschholz, of East Pittsburgh, Pa. (G. M. Crawford, of East Pittsburgh, Pa., and Jo. Baily Brown, of Pittsburgh, Pa., of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

·HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Interference Examiners of the United States Patent Office awarding priority of invention of the subject matter defined by the counts in issue (Nos. 1, 2, and 3) to appellee, Emil F. Steinert.

Count 1 is sufficiently illustrative of the counts in issue. It reads:

"1. A current-adjusting means including a three-legged core of suitable magnetic material, the core having a bottom yoke joining the outer legs and a divided top yoke, between the division of which the middle core leg is positioned for movement therebetween, the entire middle leg being mechanically separate from the rest of the core and movable and having a stationary winding in a load circuit and encompassing said middle core leg, with means for moving it to change the current through its winding to the load."

The interference, which was declared on September 23, 1940, is between appellee's application No. 347,471, filed July 25, 1940, for the reissue of his patent No. 2,157,871, issued May 9, 1939 on an application, No. 121,581, filed January 21, 1937, and appellant's patent No. 2,192,312, issued March 5, 1940 on an application, No. 196,386, filed March 17, 1938.

Appellant is the junior party, and the burden was upon him to establish

priority of invention by a preponderance of the evidence.

The claims constituting the counts in the interference originated in appellant's patent.

The interference relates to a reactor to be used in alternating arc welding and, as will be observed from the quoted count, comprises a three-legged core of suitable magnetic material, the "core having a bottom yoke joining the outer legs and a divided top yoke, between the division of which the middle core leg is positioned for movement therebetween, the entire middle leg being mechanically separate from the rest of the core and movable and having a stationary winding in a load circuit and encompassing said middle core leg, with means for moving it to change the current through its winding to the load." By moving the middle core leg in and out of its surrounding coil, the resistance to the flow of magnetic flux around the coil is varied and, as a consequence, the reactance to the flow of alternating current through the device is varied and hence the current flowing through the reactor and to the work loan is varied in conformity with the position of the movable middle leg.

In appellant's preliminary statement it was alleged that appellant conceived the invention defined by the counts in issue and disclosed it to others *during the first part of April 1936;* that the first apparatus conforming to the counts in issue was made without any sketches or drawings; that the invention was reduced to practice during the *month of April 1936* "by completing one or more full-size models of the construction and successfully testing the same"; that drawings were made of the invention in September 1937; that additional sketches were made on December 5 and 15, 1937, and on February 18 and 27, 1938; that the first written description of the invention was made in September 1937; and that appellant was diligent "with the invention at least since April, 1936." It was further alleged in appellant's preliminary statement that after completing the invention, considerable experimental work was necessary in order to arrive at the best arrangement for handling the movable middle leg of the apparatus as well as other details of the construction, and that as appellant was "President, General Manager and Chief Engineer of the Electric Arc Cutting & Welding Co., to whom this patent in Interference is as-

signed, applicant did not have much time to devote to the development of the idea. This accounts for the time which elapsed between the date of his conception [during the first part of April 1936] and reduction to practice [during April 1936], and the time of getting the apparatus on the market. Appellant's Company started selling the completed machines during the summer of 1937, one substantial order from the U. S. Navy being received September 13, 1937."

Appellant's preliminary statement was sworn to November 12, 1940, and, although the record does not so disclose, was presumably filed in the Patent Office on or about that date.

In appellee's preliminary statement it was alleged that appellee conceived the involved invention and disclosed it to others *between the first day of December 1935 and the first day of May 1936;* that the first drawing and the first written description of the invention were made between the first day of December 1935 and the first day of May 1936; that the invention was *first reduced to practice between the first day of January 1936 and the first day of July 1936;* and that appellee began exercising reasonable diligence in perfecting the invention between the first day of December 1935 and the first day of January 1936.

Appellee's preliminary statement was sworn to November 15, 1940, and, although the record does not so disclose, was presumably filed in the Patent Office on or about that date.

On February 4, 1942, appellant gave notice that he would submit testimony in chief beginning February 11, 1942, and, on the latter date, he introduced evidence for the purpose of establishing that he conceived the involved invention and reduced it to practice during the year 1935, or to establish that he conceived the invention in 1935 and reduced it to practice sometime in April 1936. The submission of testimony was concluded February 14, 1942, whereupon, it was stipulated by counsel for the parties that, if deemed necessary, appellant's time for submitting testimony in chief should be extended ten days from that date. On that date, counsel for appellant served notice on counsel for appellee that they would prepare and file in the Patent Office within the following week a motion under rule 113 of the Rules of Practice in the United States Patent Office,

35 U.S.C.A.Appendix, to amend appellant's preliminary statement "as to the date of conception, disclosure and reduction to practice, *as the facts have been developed by the testimony so far taken.* The motion will contain the request that argument thereon may be postponed until final hearing." (Italics not quoted.) No further testimony in chief was submitted on behalf of appellant.

It will be observed that appellant's preliminary statement was filed on or about November 12, 1940, and that it was not until after the close of appellant's testimony in chief (February 14, 1942, one year and three months after the filing of appellant's preliminary statement, to which appellant and his counsel, of course, had access) that counsel for appellant moved to amend appellant's preliminary statement. However, according to the record, no amended preliminary statement was filed on behalf of appellant.

It appears from rule 111 of the Rules of Practice in the United States Patent Office that preliminary statements shall not be open to the inspection of opposing parties during the motion period, or until disposition has been made of such motions as may have been filed.

It appears from the record that on January 23, 1941, appellee moved that certain claims be added to the counts of the interference. That motion was denied by the Primary Examiner on April 3, 1941. As no other motions were filed, it is evident that the interference was in condition for the submission of testimony shortly after April 3, 1941. It will thus be seen that appellant must, although the record does not so disclose, have had notice of the statements contained in appellee's preliminary statement shortly after April 3, 1941, so that he not only had about thirteen months after the filing of his preliminary statement and before his submission of testimony in chief to consider and ascertain the correctness of such statement, but also had from April 3, 1941 (when appellee's preliminary statement was open for inspection) to February 11, 1942 (when he commenced the introduction of testimony in chief), a period of about ten months, to consider and ascertain the correctness of his preliminary statement.

At the conclusion of appellant's testimony in chief, appellee introduced evidence for the purpose of establishing conception and reduction of the invention to practice in accordance with the statements contained in his preliminary statement.

It is agreed in the brief of counsel for appellant, and it clearly appears from the evidence introduced by appellee, that appellee conceived the invention on December 2, 1935, and reduced it to practice on May 19, 1936.

The Board of Interference Examiners reviewed the evidence introduced by appellant and held that appellant had established conception of the invention in April 1936, and reduction of it to practice sometime early in August 1937; that, as the latter date was subsequent to the filing date (January 21, 1937) of appellee's original application, which, it is not denied, disclosed the involved invention, appellant, in order to prevail, "must establish reasonable diligence commencing just prior to Steinert's entry into the field and extending to his (Holslag's) reduction to practice," which appellant had failed to do.

With regard to appellant's motion to amend his preliminary statement, the board said:

"As no good reason appears of record why the allegedly newly discovered facts could not have been discovered earlier, and as the record, as pointed out above, will not support earlier dates than those alleged in the original statement, the motion to amend must be and is denied."

The board, in its decision, stated that it was unnecessary to consider the evidence introduced by appellee, and awarded priority of invention to appellee.

No evidence was introduced by appellant for the purpose of establishing that the dates set forth in his preliminary statement were alleged therein through inadvertence or mistake. On the contrary, counsel for appellant proceeded to try the case on the theory that appellant would be entitled to amend his preliminary statement if he established dates of conception and reduction to practice prior to the dates alleged therein.

Rule 113, supra, provides:

"In case of material error arising through inadvertence or mistake, the statement may be corrected on motion (see rule 153), upon a satisfactory showing that the correction is essential to the ends of justice. The motion to correct the statement must be made, if possible, before the taking of any testimony, and as soon as practicable after the discovery of the error."

It is well settled that the question of the right to amend a preliminary statement is a matter of discretion with the Patent Office tribunals, and, unless it clearly appears that there has been an abuse of such discretion, the decision of the Board of Interference Examiners will not be disturbed by this court. See Methudy v. Roy, 65 F.2d 171, 20 C.C.P.A., Patents, 1142. Furthermore, as stated in our decision in that case, amendments to preliminary statements should not be permitted merely because dates earlier than those alleged can be proved, and one who attempts to amend his preliminary statement, having had access to the dates of his opponent, must be held to strict compliance with rule 113, supra, that is, he must establish with reasonable certainty that the errors in his preliminary statement could not have been avoided by the exercise of reasonable care, otherwise the purpose of the rule would be circumvented. See Interference Law and Practice by Revise and Caesar, Vol. 1, sections 99 to 109, inclusive, and cases therein cited and reviewed.

There being no satisfactory reasons advanced by appellant why he was unable to ascertain and set forth in his preliminary statement the dates subsequently claimed by him to be the correct dates of his conception and reduction to practice of the involved invention, or why error, if any, as to the dates alleged in his preliminary statement could not have been avoided by the exercise of reasonable care, we are of opinion that the board was right in rejecting appellant's motion to amend his preliminary statement.

The board examined the evidence introduced by appellant for the purpose of ascertaining whether appellant had established conception and reduction of the invention to practice during the month of April 1936, and found from the record, and properly so we think, that appellant conceived the invention in April 1936, and reduced it to practice the early part of August 1937. The board further held that as appellant's reduction to practice was subsequent to the filing date (January 21, 1937) of appellee's original application, it was incumbent upon appellant to establish diligence commencing just prior to appellee's filing date and extending to August 1937 (the date of appellant's reduction to practice) which he failed to do.

It is obvious from what has been said that appellee was the first to conceive the invention (December 2, 1935) and the first to reduce it to practice (May 19, 1936). Accordingly, he is entitled to an award of priority.

For the reasons stated, the decision of the Board of Interference Examiners is affirmed.

Affirmed.